McWADE TUBE CO. OF SAN ANTONIO et al. v. NEWNAM et al. (No. 7061.) *

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1924. Rehearing Denied Feb. 27, 1924.)

1. Fraudulent conveyances ⬾182(1)—Purchaser under Bulk Sales Law held liable with seller for salesman's claim against seller.

Where, after plaintiff, a salesman, had earned a commission by negotiating a sale and securing a contract for a carload of inner tubes, the purchaser, with knowledge of plaintiff's claim against the seller, effected a purchase of the entire stock of the seller, but failed to give plaintiff notice of such purchase, as required by Bulk Sales Act (Rev. St. art. 3971 et seq.), *held*, that a judgment was properly rendered, in an action for such commission, both against the buyers and sellers.

2. Trial ⬾260(1)—Instruction fairly covered properly refused.

Denial of instructions fairly covered by others given not error.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by R. A. Newnam against the McWade Tube Company of San Antonio and others. Judgment for plaintiff, and certain defendants appeal. Affirmed.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellants.

Newton & Woods, of San Antonio, for appellees.

SMITH, J. This suit was filed by R. A. Newnam against the McWade Tube Company of San Antonio, a corporation, W. R. Sein, as a stockholder and director of the McWade Tube Company of San Antonio, and R. A. Houston and R. R. Wilkes, doing business as the Auto Supply Company of Laredo and also as the McWade Tube Company of Laredo, for the recovery of a commission alleged to be due him by defendants for the alleged sale by him of a carload of inner tubes. Plaintiff alleged that about June 1, 1923, he

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 16, 1924.

was a salesman for the McWade Tube Company of San Antonio, under a contract to sell its tubes on a commission basis of 10 per cent.; that after considerable negotiation he sold to the defendants Houston and Wilkes, doing business as the Auto Supply Company of Laredo, a carload of tubes, by reason of which fact he was thereupon entitled to a commission of 10 per cent. In the alternative he pleaded that he was employed by the San Antonio Company to bring it and the Auto Supply Company of Laredo together, which he did, entitling him to a commission; that he was the procuring cause of the sale of a carload of tubes, thereby entitling him to a commission; that, if he was not entitled to receive 10 per cent., he was to receive the usual and customary commission, which was 10 per cent. It was alleged as a ground of liability against the defendants Houston and Wilkes that those defendants had violated the Bulk Sales Law, in that they had purchased the entire stock of tubes of the McWade Tube Company of San Antonio, but had failed to notify plaintiff of such purchase, thereby making themselves liable for the obligations of the McWade Tube Company of San Antonio, and that all defendants had conspired to defraud plaintiff of his commission.

The cause was submitted to a jury upon special issues, in response to which, although failing to answer an issue as to whether Newnam sold the purchasers a carload of tubes on or about June 1, 1922, they did find, inferentially, that such sale was made at a later date. They also found that the plaintiff was the procuring cause of the sale, that the sale of the San Antonio stock was out of the ordinary course of trade, and that the defendants Houston and Wilkes had conspired with Sien and the McWade Tube Company of San Antonio to defraud the plaintiff of his commission. A motion of the defendant Sien individually for an instructed verdict was granted, and judgment was duly rendered against the McWade Tube Company of San Antonio and Houston and Wilkes, doing business as the Auto Supply Company of Laredo and as the McWade Tube Company of Laredo, for $1,284, as prayed for.

We have very carefully considered the evidence in the case, and have finally concluded that it was sufficient to support the findings of the jury upon the second and fourth special issues submitted to them, to the effect that Newnam was the procuring cause of the sale in question, and that the

258 S.W.—36

Tube Company sold and transferred its stock in bulk to the Laredo parties. We see no occasion for undertaking to state this evidence, which permeates the whole statement of facts, which comprises 129 pages. We are convinced, however, that, although Newnam testified at length as to the conduct of his adversaries, there is no evidence of such a conspiracy or fraud among the latter as to render the purchasers of the inner tubes liable for Newnam's commission. If those parties had through fraud or conspiracy defeated the sale in question, and thus deprived Newnam of his commission, all those engaged in the conspiracy might have become liable for that commission; but the sale was not defeated, and they did not become liable on that account.

[1] It seems to be conceded by all parties that the sale and transfer by the San Antonio dealers to the Laredo purchasers was of such nature as to bring it within the Bulk Sales Act (articles 3971 et seq.), and that notice thereof was not given Newnam in the manner required by article 3971. But it is contended by appellants that, as the sale of the tubes on which Newnam claims a commission had not been consummated at the time of the sale and transfer of the stock of goods, Newnam's claim had not accrued and was not entitled to the protection of the statute. We overrule this contention. There is evidence to support a finding that through Newnam's efforts the contract for the sale had been fully made and executed at the time the bulk sale was made, and that therefore, while Newnam's claim was not actually due, it had fully accrued. It is also in evidence that the purchasers were fully cognizant of Newnam's claim, and of his intention to make demand therefor, and that with this knowledge the purchasers made the bulk purchase, and finally completed the purchase of the goods for the sale of which Newnam was entitled to his commission. We think, under these facts, judgment was properly rendered against both buyers and sellers, and that judgment must be affirmed.

[2] Appellants ably and earnestly complain of the refusal of the court below to give certain requested instructions. We think, however, that the cause was fairly submitted to the jury, under sufficient and appropriate instructions, and overrule appellants' assignments of error complaining thereat.

Affirmed.